IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER BALDWIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:13-cv-560-CG-N ) |
| BOISE PAPER HOLDINGS, L.L.C., | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the court on Defendant Boise Paper Holdings, L.L.C.'s ("Boise") motion for summary judgment with supporting brief (Docs. 20 & 21), Plaintiff Sylvester Baldwin's ("Baldwin") opposition to summary judgment (Doc. 25), Boise's reply (Doc. 26), and Baldwin's response thereto (Doc. 27). Also before the court is Boise's supplemental submission in support of its motion for summary judgment and alternative request for extension of time. (Doc. 33). For the reasons stated below, Boise's motion for summary judgment is due to be granted and the alternative request for extension of time is due to be denied as moot.

## BACKGROUND

Baldwin was employed by Boise at its mill in Jackson, Alabama for twenty-one years. (Doc. 33-1 at 27). At all times relevant to this case, Baldwin worked as an A Operator. (Doc. 33 at 12-15). His duties included, among other things, monitoring the operation of the recovery boiler. Id.

A Collective Bargaining Agreement ("CBA") between Boise and Local Union

1083 covered all terms and conditions of employment at the mill. (Doc. 20-2). The CBA vests Boise with the right to discipline or discharge employees for "just cause." (Doc. 20-25 at 5). Article XIII, Section 2 of the CBA protects employees from being "unjustly reprimanded."[1]

On May 10, 2011, Boise issued a Last Chance Agreement ("LCA") to Baldwin based on prior instances of poor job performance. (Doc. 33-1 at 5-6). The LCA indicated that any future violations of company policy, substandard job performance or neglect of duties would constitute "just cause" for Baldwin's termination. Id. at 6-7. The LCA was signed by Baldwin, a union shop steward, and two company representatives.[2] Id. at 7. In addition, Baldwin signed an Employee Disciplinary Notice which stated that "any future violation of Company policy or substandard job performance will be cause for immediate termination of your employment." Id. at 14.

On September 30, 2011, Boise discharged Baldwin because he allowed the pressure in the recovery boiler to rise to unacceptable levels while ignoring numerous alarms in the process. (Doc. 33-1 at 12-13). A letter sent to Baldwin from his manager explained that an investigation into the incident found that Baldwin's

---

[1] Article XIII, Section 2 of the CBA provides that "[i]f an employee is called in to be questioned during an investigation for discipline or if an employee is to be disciplined, he shall be accompanied by a Union shop steward or officer." (Doc. 22-2 at 38). It further states that "[t]he employee acknowledging receipt of the reprimand may institute grievance proceedings, and should the employee concerned be found to have been unjustly reprimanded, all record of such reprimand shall be removed from the personnel record." Id.

[2] Article IV of the CBA provides that "[a]mendments, changes or modifications made during the term of the Agreement shall be reduced to writing and become a part of this Agreement effective on the date signed by the authorized agents of the parties to this Agreement."

failure to perform his job duties threatened the safety of workers and equipment in violation of mill rules and the LCA. Id. at 7-9.

In accordance with the terms of the CBA, Baldwin filed a grievance alleging that his discharge constituted unjust discipline. (Doc. 33-1 at 7). The claim was processed by the union to arbitration. Id. at 10. On March 8, 2013, the arbitrator issued a decision finding that Baldwin's termination did not violate any provision of the CBA, as modified by the LCA. (Doc. 33-1 at 27-37).

On October 3, 2013, Baldwin filed the instant action against Boise in state court alleging that he was "wrongfully terminated" for "no reason whatsoever." (Doc. 1-1 at 4). The action was then removed to this court. (Doc. 1). On May 13, 2014, Boise filed a motion for summary judgment arguing that the case is preempted because resolution of Baldwin's state-law claim depends upon the meaning of "a collective bargaining agreement which has already been the subject of an arbitration." (Doc. 21 at 1-2).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment;

3

there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250 (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994) (citing

4

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response . . . must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." Vega v. Invsco Group, Ltd., 2011 WL 2533755, *2 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

**A. Preemption**

Boise argues that Baldwin's state-law claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA").[3] "This section grants jurisdiction

---

[3] Section 301 of the LMRA provides:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as

5

to federal courts to adjudicate employment disputes involving collective bargaining agreements, and it embodies the policy that federal law, fashioned from national labor law, should provide the substantive law that applies in § 301(a) suits." Bartholomew v. AGL Res., Inc., 361 F.3d 1333, 1338 (11th Cir. 2004). "Section 301 of the LMRA preempts a state-law claim if resolution of the claim 'requires the interpretation of a collective-bargaining agreement.'" United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC, 642 F.3d 1344, 1349-50 (11th Cir. 2011) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988)). In other words, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," state-law claims are preempted by § 301. Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

Baldwin's state-law claim of wrongful termination alleges that Boise had "no reason whatsoever to terminate" him. Because this claim is premised on the assertion that he was terminated without "just cause," its resolution entails interpretation and application of the provisions of the CBA and LCA governing Boise's right to discipline and discharge. Baldwin has not alleged any other independent rights under state or federal law as the basis of his wrongful discharge

---

    defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

claim. Accordingly, this claim is preempted by federal law.

**B. Section 301 of the LMRA**

Because Baldwin's wrongful discharge claim is substantially dependent upon analysis of the CBA and LCA, it must be dismissed as preempted unless it can be treated as a § 301 claim. Allis–Chalmers Corp. v. Lueck, 471 U.S. 202 at 220 ("[W]hen the resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law."). Even though Baldwin's complaint names the employer, and not the union, the Court construes the claim as a "hybrid" § 301/fair representation claim. See Bartholomew v. AGL Res., Inc., 361 F.3d at 1342 (holding that the district court did not err in characterizing plaintiff's state-law claims as hybrid § 301/fair representation claims even though plaintiff's complaint only named his employer as a defendant); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983) (noting that the employee may sue the employer, the union, or both, but that the case he must prove is the same in all circumstances). Consequently, an employee protected by a collective bargaining agreement must establish that the arbitrator's decision did not draw its essence from the agreement and that the union breached its duty of fair representation before suing his employer under § 301. Rasheed v. International Paper Co., 826 F.Supp. 1377, 1387 (S.D. Ala. 1993).

Baldwin objects to the document attached to Boise's motion for summary

judgment as Exhibit D, which purports to be the arbitration decision, as unauthentic. (Doc. 20-4). Baldwin argues that the court cannot rely on the document because the arbitrator's use of the phrase "this grievance must be denied" instead of "this grievance is denied" shows that the arbitrator failed to render a final decision. (Doc. 27 at 6). The court disagrees. Boise has since filed a notarized letter signed by the arbitrator identifying the attached copy of the arbitration decision as genuine. (Doc. 33-1 at 2). The fact that the arbitrator uses the phrase "must be denied" instead of "is denied" is unpersuasive. It is clear that the authenticated arbitration agreement attached to Boise's supplemental submission in support of the motion for summary judgment is the arbitrator's true and final decision.[4]

Baldwin also argues that the LCA is not a valid agreement because the union representative that signed the agreement was not an authorized agent as required by the CBA. Applying the terms of the CBA, the arbitrator addressed this argument in his decision and found that the LCA was valid. See Doc. 33-1 at 37. The CBA indicates that the decision of the arbitrator "is final and binding on the parties." (Doc. 20-2 at 8). It is not the province of this court to render an interpretation of the CBA when an arbitrator has already done so. See Allis–Chalmers Corp. v. Lueck, 471 U.S. 202 at 219 ("A rule that permitted an individual to sidestep available

---

[4] Boise also filed an alternative motion for extension of time to authenticate the arbitration decision by way of the arbitrator's sworn deposition testimony. (Doc. 33-1 at 1). Because the court finds Boise's supplemental submission in support of summary judgment is sufficient to authenticate the arbitration agreement pursuant to Federal Rule of Evidence 901, deposition testimony further confirming the authenticity of the attached decision is unnecessary. Therefore, Boise's alternative motion for an extension of time is due to be denied as moot.

grievance procedures would cause arbitration to lose most of its effectiveness, . . . as well as eviscerate a central tenet of federal labor contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance."); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. at 411 ("Today's decision should make clear that interpretation of collective-bargaining agreements remains firmly in the arbitral realm; judges can determine questions of state law involving labor-management relations only if such questions do not require construing collective-bargaining agreements.").

Because Baldwin has made no argument that the union breached its duty of fair representation, he cannot recast his state-law claim for wrongful discharge as a § 301 claim. Accordingly, Baldwin's claim is due to be dismissed as preempted.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, the court finds that Boise's motion for summary judgment (Doc. 20) is **GRANTED**, and the alternative request for an extension of time (Doc. 33) is **DENIED as MOOT.**

**DONE** and **ORDERED** this 27th day of August, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE